## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | | |
| **v.** | * | **Criminal No. L-09-0459** |
| | | |
| **ERIC GRIFFIN,** | * | |

\* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

The defendant, Eric Griffin, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Franklin W. Draper, Assistant Federal Public Defender, hereby moves this Honorable Court to suppress any evidence seized because of an unconstitutional seizure and subsequent searches conducted in violation of the Fourth and Fifth Amendments to the United States Constitution and as grounds therefore states the following:

1.      Mr. Griffin is charged in a two count indictment with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a) (Count One), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) (Count Two).  On July 30, 2010, the defendant was arraigned and entered a plea of not guilty to all counts of the indictment.

2.      On July 21, 2009, Baltimore City Police Officers allegedly stopped a vehicle Mr. Griffin was riding in for driving on a suspended driver's license.  Law enforcement officers detained the defendant, and the vehicle was searched.  Controlled dangerous substances were allegedly found on the defendant and in the vehicle

3.      The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV.  A discretionary automobile stop by the police is a seizure of the person within meaning of Fourth Amendment, and therefore must be justified by a

reasonable suspicion, based on specific and articulable facts, of unlawful conduct. *See, e.g., City of Indianapolis v. Edmund*, 531 U.S. 32, 35-50 (2000); *United States v. Jones,* 242 F.3d 215, 218-19 (4th Cir. 2001); *United States v. Johnson*, 256 F.3d 214, 215-17 (4th Cir. 2001) (stop of vehicle with Georgia license plate solely because of dark tinted glass, violated Fourth Amendment)*United States v. Wilson*, 205 F.3d 720, 723-24 (4th Cir. 2000) (stop of a vehicle solely because it had temporary tag and officer could not read expiration date violate the Fourth Amendment). When a police officer makes a traffic stop, everyone in the vehicle is seized within the meaning of the Fourth Amendment, not just the driver. *Brendlin v. California*, 551 U.S. 249, 127 S.Ct. 2400, 2406 (2007); *United States v. Rusher*, 966 F.2d 868, 874 n.4 (4th Cir. 1992).

4.      Because Mr. Griffin's seizure and subsequent search were made without a warrant, the government bears the burden of proving that the seizure and searches were legal.    *Hayes v. Florida*, 470 U.S. 811 (1985); *Florida v. Royer*, 460 U.S. 491, 500 (1983); *United States v. Allen*, 629 F.2d 51, 55 (D.C. Cir. 1980). *See also Katz v. United States,* 389 U.S. 347 (1967); *Henry v. United States*, 361 U.S. 98 (1958). It is well settled that a search conducted without a warrant is per se unreasonable unless it falls within one of the "well-delineated exceptions" to the warrant requirement. The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time they seized Mr. Griffin, justified that seizure and subsequent searches. *Brinegar v. United States*, 338 U.S. 160, 175 (1949).

5.      In this case, the officers lacked probable cause or reasonable suspicion to make the traffic stop on July 21, 2009. Because the evidence obtained in the search of the defendant was the fruit of an unconstitutional seizure, the Court should suppress the physical evidence obtained by the officers from his person and subsequent searches of a vehicle and buildings. *Wong Sun v. United*

*States*, 371 U.S. 471 (1963).

6.     Assuming arguendo the initial traffic stop was constitutional, the validity of the initial

stop does not end the Court's analysis. The Court must inquire further because "a seizure that is

lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably

infringes interests protected by the Constitution." *Illinois v. Caballes*, 543 U.S. 405, 407 (2005).

Because the officer's justification for the traffic stop here is premised on a reasonable suspicion

based on a traffic code violation, the permissible scope of the initial stop is confined to the duration

and level of invasiveness necessary to investigate that violation. In *United States v. Rusher*, 966 F.2d

868 (4th Cir. 1992), the Fourth Circuit adopted the rule that a proper investigative stop occurs when

an officer requests the license and registration, runs a computer check, and issues a citation. *Rusher*,

966 F.2d at 876 (citing *United States v. Guzman*, 864 F.2d 1512, 1519 (10th Cir. 1988)). However,

in this case the searches at issue in this incident occurred after the officer had completed the

investigation. No further justification existed for searching the vehicle, and the continued detention

of Mr. Griffin violated the Fourth Amendment because there was no reasonable, articulable

suspicion of a serious crime. *Florida v. Royer*, 460 U.S. 491, 498 (1983).

7.     The Fourth Amendment requires police to secure a warrant before conducting a

search. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999); *see also United States v. Currence*, 446 F.3d

554, 556 (4th Cir.2006).   Because the July 21, 2009 searches were made without a warrant, the

government bears the burden of proving they were legal. *Hayes v. Florida*, 470 U.S. 811 (1985);

*Florida v. Royer*, 460 U.S. 491, 500 (1983); *United States v. Allen*, 629 F.2d 51, 55 (D.C. Cir. 1980).

*See also Katz v. United States*, 389 U.S. 347 (1967); *Henry v. United States*, 361 U.S. 98 (1958).

It is well settled that a search conducted without a warrant is per se unreasonable unless it falls

within one of the "well-delineated exceptions" to the warrant requirement. The government bears

the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officers at the time justified that seizure and subsequent search. *Brinegar v. United States*, 338 U.S. 160, 175 (1949).

WHEREFORE, the Defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
FRANKLIN W. DRAPER (#26316)
Assistant Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland  21201
(410) 962-3962
Fax:  (410) 962-0832
frank_draper@fd.org

## MEMORANDUM OF POINTS AND AUTHORITIES

1.      Fourth Amendment to the United States Constitution
2.      Fifth Amendment to the United States Constitution
3.      *Brendlin v. California*, 551 U.S. 249 (2007)
4.      *Brinegar v. United States*, 338 U.S. 160 (1949)
5.      *City of Indianapolis v. Edmund*, 531 U.S. 32 (2000)
6.      *Florida v. Royer*, 460 U.S. 491 (1983)
7.      *Hayes v. Florida*, 470 U.S. 811 (1985)
8.      *Henry v. United States*, 361 U.S. 98 (1958)
9.      *Illinois v. Caballes*, 543 U.S. 405 (2005)
10.      *Katz v. United States*, 389 U.S. 347 (1967)
11.      *Maryland v. Dyson*, 527 U.S. 465 (1999)
12.      *Royer v. Florida*, 460 U.S. 491 (1983)
13.      *United States v. Allen*, 629 F.2d 51 (D.C. Cir. 1980)
14.      *United States v. Currence*, 446 F.3d 554 (4th Cir. 2006)
15.      *United States v. Johnson*, 256 F.3d 214  (4th Cir. 2001)
16.      *United States v. Jones*, 242 F.3d 215 (4th Cir. 2001)
17.      *United States v. Rusher*, 966 F.2d 868 (4th Cir. 1992)
18.      *United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000)
19.      *Wong Sun v. United States*, 371 U.S. 471 (1963)

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court of Maryland, a hearing is requested on the Defendant's Motion.


_____/s/_____
FRANKLIN W. DRAPER (#26316)
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2010, the foregoing motion was filed using the District of

Maryland CM/ECF system and was served electronically upon the following counsel:

> Philip S. Jackson, Esquire
> Assistant United States Attorney
> 36 South Charles Street, Fourth Floor
> Baltimore, Maryland 21201


_____/s/_____
FRANKLIN W. DRAPER (#26316)
Assistant Federal Public Defender